# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PORFIRIO ORTEGA, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:15 CV 1190 CDP |

## MEMORANDUM AND ORDER

Porfirio Ortega seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Ortega was convicted by a jury of one count of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(ii). Case No. 4:11CR273 CDP. He was sentenced to 132 months imprisonment, which was a variance from the sentencing guidelines range of 151 to 188 months. Ortega appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Porfirio Ortega*, 750 F.3d 1020 (8th Cir. 2014). In 2015 I reduced his sentence to 121 months, giving Ortega the benefit of Amendment 782 to the United States Sentencing Guidelines, which reduced sentences for many drug offenses.

Ortega then filed this § 2255 motion, raising the following grounds for relief:

1) He was entrapped and taken advantage of by the informant because of his drug addiction;

2) The court incorrectly calculated the quantity of cocaine that was reasonably foreseeable to him;

3) During the commission of the offense "he was high and intoxicated;"

4) Ineffective assistance of counsel for the following reasons:
    a. His rights were violated
    b. Counsel failed to take into consideration his mental and health conditions
    c. There was a lack of physical evidence
    d. Counsel never attempted to reach the truth.

The records before me conclusively demonstrate that Ortega has no right to relief. His first three claims could have been raised before the Court of Appeals but were not, and so they are procedurally barred. He was represented by an experienced trial attorney who presented a vigorous defense, and his claims of ineffective assistance of counsel are refuted by the trial record. The evidence against him was very strong, as set forth in great detail in the Court of Appeals opinion rejecting his claim that the evidence was insufficient. I will deny Ortega's motion without an evidentiary hearing for the reasons that follow.[1]

---

[1] In 2016 Ortega wrote the Clerk of Court inquiring about a "traverse" that he said he had filed in November of 2015. The Court never received the traverse. Ortega provided a certified mail receipt that indicated he had mailed it to "U S Dept. of Justice E. Dist of Missouri." The Clerk inquired of the United States Attorneys' office and they also had no record of receiving the document. The Clerk then informed Ortega that he could resend the document and the Court would consider it. (August 2, 2016 letter from Clerk, ECF # 8). Nothing further has been filed. Given the lack of merit of any of Ortega's claims, there is no reason to believe that any traverse would change the outcome of this case.

## Discussion

### A. No Evidentiary Hearing is Required

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

### B. Claims 1, 2 and 3 are Procedurally Barred

"A collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). Ortega did not raise Grounds 1, 2 and 3 on direct appeal. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which

he complains. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).[2]

In Ground 1 Ortega argues that he was taken advantage of by the informant because of his drug addiction and alcoholism. He asserts that the informant somehow entrapped him into committing a "larger felony." Ortega asserts that he failed to bring an entrapment affirmative defense during trial because he did not recognize this defense until he was healthier and thinking more clearly. This contention is not sufficient to show cause and prejudice. In any event, Ortega had been released on bond for over a year before trial, and although he had some technical bond violations, he was repeatedly tested for drugs and never tested positive. Thus, he had many months of sobriety before trial, so he certainly should have been thinking clearly by that time, and his claim that drug use impaired his ability to raise an entrapment defense is refuted by the record.

Moreover, any claim of entrapment, or sentencing entrapment, to the extent that may be what he is claiming, is also refuted by the record. The defense of entrapment and the argument for sentencing entrapment both focus on the

---

[2] A movant can also avoid procedural default by demonstrating actual innocence. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." *Id.* (internal quotation marks and citation omitted). Where, as here, the Court of Appeals has found that the evidence was sufficient to support his conviction, Ortega cannot claim actual innocence.

defendant's predisposition – either predisposition to commit the crime or predisposition to be involved in sales of large quantities of drugs. *See e.g., United States v. Searcy,* 233 F.3d 1096 (8th Cir. 2000). Here the evidence showed that Ortega was a willing participant in the conspiracy well before the informant became involved. The government initially was investigating a co-defendant, known as "Chinto," who initially directed the informant to Ortega to obtain drugs. On multiple occasions the informant observed additional quantities of cocaine at Ortega's residence beyond what the informant was purchasing. In recorded conversations Ortega told the informant that the drugs he was selling to the informant were part of a larger quantity that Ortega had. Additionally, Ortega was assessed additional offense levels because he was an organizer or leader of the conspiracy, because the evidence showed that, although there were others in the conspiracy who were more culpable, he was the source of supply for multiple other distributors in the St. Louis area. These facts refute any claim of entrapment.

Similarly, Ortega cannot avoid procedural default of Ground 2, which is his claim that he was only responsible for a lower quantity of cocaine. The jury heard all of the evidence and determined that more than five kilograms of cocaine was reasonably foreseeable to Ortega. His motion argues that this was some kind of "plain error" but he does not really attempt to show cause and prejudice for his

procedural default. The claim is without merit in any event, given the substantial evidence and the jury's verdict.

Ortega contends in Ground 3 that during the commission of the offense he was high and intoxicated, and his drinking subsequently led to health problems. The motion does not specifically present any reason for failure to raise the defense of voluntary intoxication on direct appeal or at trial. Consequently, he fails to show the necessary cause and prejudice required to consider a procedurally defaulted claim.

For the above reasons, Ortega has not adequately alleged sufficient cause and prejudice to overcome the procedural default of any of these three claims. Grounds 1 through 3 will therefore be denied.

### C. Ortega Did Not Receive Ineffective Assistance of Counsel

Ortega's remaining claim is for ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Ortega must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial

scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Ortega "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Ortega did not receive ineffective assistance from his attorney.

Ortega first complains that his attorney violated his rights. However, he does not specify how his rights were violated. This argument fails to show any way that counsel's performance was deficient, and so the court need not address it further. *Strickland*, 466 U.S. at 687.

Ortega also complains that counsel failed to take into consideration his mental and health conditions. His attorney did make arguments about his addiction and his health at sentencing, and the health issues were a large part of the reason that I sentenced Ortega below the 151 months that was the low end of the sentencing guidelines. To the extent that Ortega is asserting that counsel should have raised an involuntary intoxication defense, Ortega would have had to

7

convince the jury that during every instance of selling cocaine over a ten month period he was unaware of what he was doing. Given that many of Ortega's telephone calls and recorded meetings were played at trial, the overwhelming evidence shows Ortega was coherent and knew what he was doing. Consequently, this would have been a meritless defense for counsel to put forward. To the extent Ortega argues that his counsel was ineffective for failing to make meritless arguments at trial, his claim fails as a matter of law. *Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Ortega next argues that counsel was ineffective because there was a lack of physical evidence. Ortega does not articulate, though, how a potential lack of physical evidence correlates to his ineffective assistance of counsel claim, nor does he make any specific allegations regarding counsel's performance. As a result, he fails to show that counsel's performance was deficient or that counsel made errors that violated his Sixth Amendment right. *Strickland*, 466 U.S. at 687. Additionally, Ortega has already appealed the jury's verdict based upon this sufficiency of the evidence argument, which failed. *Ortega*, 750 F.3d at 1023–25. Without showing counsel's performance was deficient or showing actual innocence, Ortega is thus procedurally barred from claiming there was a lack of physical evidence. *McCleskey v. Zant*, 449 U.S. 467, 494 (1991).

Finally, Ortega argues that his counsel was ineffective because "counsel never attempted to reach the truth." Ortega again fails to identify precisely how "counsel never attempted to reach the truth." He does, however, admit in his motion to selling cocaine. He requests that the court drop the conspiracy charge and allow him to take the first offered plea agreement of three years. This offer to accept a previously rejected plea offer is inconsistent with his claim that counsel never attempted to reach the truth. Ortega has not demonstrated a reasonable probability that, but for counsel's unprofessional errors, he would not have been found guilty or that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 694.

For these reasons, Ground 4 will be denied.

### D. I Will Not Issue a Certificate of Appealability

As Ortega has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Porfirio Ortega's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Ortega has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2016.